UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOREST VIEW REHABILITATION AND NURSING CENTER, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as the United States Secretary of Treasury; and THE UNITED STATES OF AMERICA, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 24 C 1490 <br> ) <br> ) Judge Alexakis |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO FOREST VIEW'S MOTION FOR INTERLOCUTORY ORDER COMPELLING REIMBURSEMENT OF IMPROPERLY RECOUPED FUNDS**

Defendants United States Small Business Administration ("SBA"), Administrator of the SBA Isabella Casillas Guzman, Secretary of the Treasury Janet Yellen, and the United States, by their attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, hereby respond to plaintiff Forest View Rehabilitation and Nursing Center, LLC's motion for an "interlocutory order," Dkt. 48, as follows:

1. This is a peculiar request for a supposedly "interlocutory" order granting ultimate relief on a claim that is currently subject to an agreed briefing schedule on cross-motions for summary judgment. Plaintiff Forest View essentially is seeking judgment on a claim *while* that claim is being briefed on summary judgment. This misnamed motion for "interlocutory" relief should be denied, and the claim should be determined in the already-agreed, in-process cross motions.

2. On October 11, 2024, Forest View filed a motion for an order compelling the defendants to reimburse "funds improperly recouped" in connection with a Paycheck Protection Program ("PPP") loan Forest View received under the Coronavirus Aid, Relief, and Economic Security Act. Dkt. 48.

3. The parties are currently briefing cross summary judgment motions pursuant to a briefing schedule Forest View agreed to, Dkt. 34, and even moved to extend, Dkt. 47. Despite this, Forest View's motion asks the court to immediately enter an order deciding *one* count (count IV) of the complaint in its favor *now*—before the merits have been fully briefed—and compelling the defendants to reimburse amounts allegedly collected on its PPP loan debt—which is the ultimate relief count IV seeks and thus not a request for an "interlocutory order." Dkt. 48. That count is already the subject of the cross-motions for summary judgment. This is analogous to the plaintiff in a personal injury case asking to be awarded damages while the court considers cross-motions for summary judgment on liability. Usually, there is a judgment before one party has to pay another.

4. Forest View's motion leaves critical questions unaddressed. The motion merely repeats argument concerning count IV already found in Forest View's complaint and summary judgment memorandum. *Compare* Dkt. 48, *with* Dkt. 1 (Compl.)., Ct. IV, Dkt. 28. But the motion provides no reason at all for why the court should *grant the motion* by deciding and entering ultimate relief on count IV *now* while the dispositive motions are pending. *See generally* Dkt. 48. Nor does the motion specify a procedural vehicle for the request (is Forest View requesting a temporary restraining order under Fed. R. Civ. P. 65?), why Forest View suddenly wishes to reverse course on its briefing schedule agreement, why it might be fair to decide count IV before

the merits are briefed, and which defendant should complete the reimbursement tasks and how. Thus, the motion should be summarily denied.

5. Forest View is also wrong that count IV holds merit. As the defendants have explained, Dkt. 40 at Arg. §§ II(D), III, Forest View cannot succeed on the count, which alleges that an October 2023 final decision by SBA's Office of Hearings and Appeals ("OHA") violated the Administrative Procedure Act upon denying as moot a motion where Forest View had asked that SBA be compelled to reimburse amounts allegedly collected on its loan debt, Compl., Ct. IV.

6. Forest View's motion does not even mention, let alone address, the defendants' arguments, but count IV fails for multiple reasons. First, the APA waives sovereign immunity only insofar as the plaintiff seeks "relief other than money damages," which is what count IV seeks, and the Tucker Act vests exclusive jurisdiction in the Court of Claims over non-tort actions seeking over $10,000. Dkt. 40 at 22-23. Second, Forest View's filing of the motion to compel at issue violated OHA regulations, such as by being filed under the wrong OHA appeal procedure, so OHA cannot have violated the APA in denying it. *Id.* at 23. Third, Forest View failed to properly present the claim before OHA, so the claim fails under issue exhaustion principles. *Id.* Fourth, Forest View's use of the wrong OHA appeal procedure deprived this court of a final OHA decision and administrative record on the issue to review under the APA. *Id.* at 24. Finally, Forest View's lender never deferred its PPP loan payments under 15 U.S.C. § 636(a)(36)(M)(ii)(II), so there was no deferment for SBA to extend under 13 C.F.R. § 134.1202(d). *Id.* And even if Forest View *could* succeed on the claim, it would not be entitled to the relief it seeks. *Id.* at Arg. § III.

7. These arguments are still being briefed in accordance with the parties' agreed briefing schedule, which is ongoing following Forest View's own choice to move to extend the

3

schedule. Forest View's motion fails to address issues as critical as why the court should immediately decide and enter ultimate relief on count IV *now*, so the motion should be denied.

WHEREFORE, the defendants ask that Forest View's motion for an interlocutory order compelling reimbursement of improperly recouped funds be denied.

          Respectfully submitted,

          MORRIS PASQUAL
          Acting United States Attorney

          By: s/ Jordan A. Rosen
              JORDAN A. ROSEN
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 353-5331
              jordan.rosen@usdoj.gov